NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HEDGEPETH,<br><br>Plaintiff,<br><br>v.<br><br>HELEN FULD HOSPITAL,<br><br>Defendant. | Civil Action No. 22-06029 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, U.S.D.J.**

On October 11, 2022, Plaintiff filed a Complaint and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1 & 1-2.) Plaintiff asserts a wrongful-death claim against a single Defendant: "Helen Fuld hospital."[1] (ECF No. 1 at 1.)

Based on the Court's careful review of Plaintiff's submissions, and other good cause shown, the application to proceed *in forma pauperis* will be **DENIED** without prejudice, and the Complaint will be **DISMISSED** without prejudice.

I.   BACKGROUND

Plaintiff alleges a wrongful-death claim against Defendant on behalf of his mother, who passed away on September 10, 2019. (ECF No. 1 at 3.) After Plaintiff's mother was transported to the hospital, Plaintiff's sister told the hospital to "let [Plaintiff's mother] go" if the mother's "heart stop[ped]." (*Id.*) Plaintiff claims that Defendant should not have followed his sister's

---

[1]   Defendant is identified in the Complaint as "Helen Fuld hospital"; however, it appears likely that Plaintiff intends to name "Helene Fuld Medical Center." *See, e.g., Tarrant v. Helene Fuld Medical Center*, 2006 WL 1651044, at *1 (N.J. Super. Ct. App. Div. June 16, 2006).

1

direction to end his mother's life and, instead, should have put his mother on life support or waited for the "whole family" to arrive. (*Id*. at 4.) Plaintiff writes that he "lost [his] best friend," and he seeks "a million dollars in damages." (*Id*. at 3-4)

II. **DISCUSSION**

   A. Application to Proceed *In Forma Pauperis*

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Plaintiff's *in forma pauperis* application does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees. (*See* ECF No. 1-2.) Plaintiff does not provide any sources of income or attempt to estimate his total monthly income; instead, he simply writes "0.00" next to employment income and then draws arrows pointing down the whole application. (*Id*. at 1-5.) Likewise, Plaintiff does not list prior employment history over the last two years or, in the alternative, clearly state that he has been continuously unemployed over that period. (*Id*. at 2.) At the end of the application, Plaintiff writes only "not working." (*Id*. at 5.) Plaintiff does not give an estimate of his cash assets or the amount of money that he has in any bank accounts or financial institutions. (*Id*. at 2.) Plaintiff also does not list the value of any assets he owns, including real estate and/or motor vehicles. (*Id*. at 3.)

2

Finally, Plaintiff does not attempt to estimate his average monthly expenses. (*Id.* at 4-5.) Because of these many gaps in the IFP application, the Court cannot determine Plaintiff's financial status, and the Court will deny Plaintiff's application without prejudice to its renewal within thirty (30) days.

### B. Review Under 28 U.S.C. § 1332(a)

In his Complaint, Plaintiff invokes diversity of the parties as the basis of this Court's jurisdiction (and no other basis), but on the face of the Complaint, it appears that both parties may be citizens of New Jersey.[2] Plaintiff states that he is a resident of New Jersey and does not state where Defendant is located, although it appears to be in New Jersey as well.[3] *See e.g., Delaware Valley Transplant Program v. Coye,* 722 F. Supp. 1188, 1202 (D.N.J. 1989) ("Helene Fuld Medical Center in Trenton, New Jersey"). Because complete diversity of the parties is required for jurisdiction pursuant to 28 U.S.C. § 1332, if both Plaintiff and Defendant are citizens of New Jersey, the Court would not have subject-matter jurisdiction over Plaintiff's Complaint. *See Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104 (3d Cir. 2015) ("For over two hundred years, the statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010))). Plaintiff bears the

---

[2] This Court has an ongoing duty to independently verify its ability to hear claims presented. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[3] In his certification of service, Plaintiff writes that Defendant is located in Trenton, New Jersey. (ECF No. 1-3 at 1.)

burden of proving diversity of citizenship by a preponderance of the evidence. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

The Court further notes that it does not appear that common-law wrongful death claims, as alleged by Plaintiff here, create federal question jurisdiction unless they pertain to maritime deaths governed by admiralty law. *See e.g., Hess v. United States*, 361 U.S. 314, 332 (1960) ("no federal action lies for wrongful death"); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 369 (1978) ("It is undisputed that there was no independent basis of federal jurisdiction over the respondent's [wrongful-death] action against the petitioner."). As a result, failure to establish diversity of citizenship between the parties would preclude Plaintiff from bringing his cause of action against Defendant in federal court.

Because the Court does not appear to have subject-matter jurisdiction, Plaintiff's Complaint will be dismissed without prejudice. Plaintiff will be given thirty (30) days to file an amended complaint that cures (if possible) this jurisdictional defect and to file a corrected *in forma pauperis* application.

### III. CONCLUSION

For the reasons set forth above, and other good cause shown, Plaintiff's Complaint is **DISMISSED** without prejudice, and his *in forma pauperis* application is **DENIED** without prejudice. An appropriate Order follows.

Date:   June 21, 2023

*Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**